UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CRAIG W. MERRILL ET AL.,** | ) | **CASE NO.5:05CV768** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ALLSTATE INDEMNITY CO.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Allstate's Motion to Stay (ECT Dkt. #19). For the following reasons, the Court denies Defendant's Motion.

This action arises from a multi-vehicle accident that occurred on June 25, 2004. As a result of the accident several individuals were injured. Plaintiffs Craig Merrill and his wife Diane were operating a motorcycle traveling on the eastbound lane of US 250. Defendant Beard lost control of his vehicle while traveling in the westbound lane of US 250, crossed the median line and struck Plaintiffs. Plaintiffs were life-flighted to an Akron area hospital as they had sustained serious injuries. As a result of the accident, Plaintiffs incurred over $500,000 in medical bills.

On July 29, 2004, Tony Indermuhle, another injured party in the June 25, 2004 accident,

filed suit against Defendant Beard in Wayne County, Ohio.  That suit has been stayed pending resolution of Defendant's military status issue.  On March 21, 2005, Plaintiffs filed suit in the present action.  On May 25, 2005, they obtained default judgment against Defendant Beard in the amount of $3,500.000.00 as Defendant failed to answer or otherwise defend.  On July 28, 2005, Plaintiffs filed a supplemental Complaint in this action against Defendant Beard's insurer, Allstate, for the proceeds of Defendant's automobile insurance policy.  Said policy has coverage of $30,000 per person, $60,000 per accident.  On August 23, 2005, Defendant Beard was sentenced to four years imprisonment for aggravated vehicular assault arising from the accident at issue.

Defendant Allstate now seeks to stay the supplemental action pending interpleader in the state case and joinder of plaintiffs in that action.  Defendant contends it would unjust to permit Plaintiffs to obtain the entire policy limits to the detriment of other injured parties.  Also, Allstate contends Plaintiffs never provided an affidavit attesting that Defendant Beard was not active duty military as required by 50 App. U.S.C. §521, and therefore, default judgment was not appropriate.  Defendant has subsequently filed a motion to vacate default judgment.

The Court finds Defendant's proffered arguments do not merit a stay of the proceedings.  The following militate against staying the action: 1) Allstate alleges the stay would benefit parties whose interests are adverse to Allstate's; 2) the state action is stayed and there is no indication how long it will remain so; 3) there is a judgment in the present case (though challenged); 4) the state actors may interplead in this action; 5) a motion to join was denied in the state court action.

Therefore, the Court denies Allstate's motion to stay pending interpleader.

IT IS SO ORDERED.

| | |
|---|---|
| <u>August 25, 2006</u> | <u>s/ Christopher A. Boyko</u> |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |