UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG W. MERRILL, ET AL., ) | CASE NO.5:05CV768 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| KEVIN BEARD, ET AL., ) | ORDER |
| ) | |
| Defendant. ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Kevin Beard's Motion for Relief from Default Judgment (ECF Dkt# 30). For the following reasons, the Court grants Defendant's Motion.

This action arises from a multi-vehicle accident that occurred on June 25, 2004. As a result of the accident several individuals were injured. Plaintiffs Craig Merrill and his wife Diane were operating a motorcycle traveling on the eastbound lane of US 250. Defendant Beard lost control of his vehicle while traveling in the westbound lane of US 250. crossed the median line and struck Plaintiffs. As a result, both Plaintiffs were life-flighted to an Akron area hospital.

as they had sustained serious injuries. Plaintiffs incurred over $500,000 in medical bills.

On July 29, 2004, Tony Indermuhle, another injured party in the June 25, 2004 accident, filed suit against Defendant Beard in Wayne County, Ohio. On March 21, 2005, Plaintiffs filed suit in the present action. On May 25, 2005, Plaintiffs obtained default judgment against Defendant Beard in the amount of $3,500.000.00, when Defendant failed to answer or otherwise defend. On August 23, 2005, Defendant Beard was sentenced to four years imprisonment for aggravated vehicular assault arising from the accident at issue.

Defendant Beard contends he did not file an Answer in this action due to confusion with another case arising from the same facts. Defendant alleges he was confused by the ongoing criminal case against him and the additional civil suit pending against him. He alleges he was unable to distinguish between the two parallel civil suits.

In addition, Mr. Beard contends he was (and may still be) a member of the U.S. military at the time of the filing of this Complaint and default judgment and Plaintiffs failed to file an affidavit attesting whether Defendant was in the military, pursuant to the War and National Defense Servicemembers Civil Relief Act, 50 App. U.S.C.A. §521 ("The Act"). This failure, according to Defendant, is sufficient grounds to warrant relief from default judgment.

Finally, Defendant contends he has meritorious defenses to the amount of the award granted in the default judgment.

Plaintiffs contend Defendant admitted in deposition he signed for the summons and complaint, and when he received the summons and complaint in this action he informed his counsel. Therefore, no excusable neglect is present as Plaintiff admitted awareness of this suit.

Plaintiffs further contend they satisfied the requirements of The Act by stating, on the

2

record at the default judgment hearing, that they did not know if Plaintiff was still in the military. Furthermore, the Court indicated it tried to reach Defendant and Defendant never returned the Court's phone calls. Plaintiffs further contend Defendant Beard's military service did not prevent him from signing for the summons and complaint and contacting his attorney. Finally, the original trial judge had an opportunity to review the supporting documentation on damages submitted by Plaintiffs and determined $3.5 million dollars was an appropriate award.

## **Standard of Review**

The War and National Defense Servicemembers Civil Relief Act, 50 App. U.S.C. §521 holds in pertinent part:

(a) Applicability of section

This section applies to any civil action or proceeding in which the defendant does not make an appearance.

(b) Affidavit requirement

(1) Plaintiff to file affidavit

In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--
**(A)** stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
**(B)** if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

(2) Appointment of attorney to represent defendant in military service

If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed under this section to represent a servicemember cannot locate the servicemember, actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.

3

(3) Defendant's military status not ascertained by affidavit

If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act [sections 501 to 596 of this Appendix].

(4) Satisfaction of requirement for affidavit

The requirement for an affidavit under paragraph (1) may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury.

The Act's plain language states that an affidavit is required when default judgment is sought against a member of the U.S. military. Section 4 permits a statement, declaration, verification or certificate may be substituted for the affidavit, however, it must be in writing. A statement on the record does not suffice under the plain language of The Act. This Court has not been provided with evidence that any such writing was before the Court prior to its granting default judgment. Even if a sworn statement in open Court could be substituted, Plaintiffs have failed to provide this Court with evidence such a sworn statement was made.

The Soldiers and Sailors Civil Relief Act of 1940, "was created to allow for the suspension of civil actions for those persons in the military in order to allow military personnel to devote their entire energy to the defense of the nation." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir.1995). The Act has long been liberally construed to protect those men and women who drop their own affairs to take up the burdens of their country. *Boone*

4

*v. Lightner,* 319 U.S. 561, 574, (1943); *Conroy v. Aniskoff,* 507 U.S. 511, 516 & n. 9 (1993).

The Soldiers and Sailors Civil Relief Act of 1940 was amended in 1991 and renamed the Servicemembers Civil Relief Act by the 2003 amendments. *See* Pub.L. No. 108-189, 117 Stat. 2835 (2003). The Act requires movant provide an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 App. U.S.C.A §521(b)(1). The affidavit is a prerequisite before default judgment may be awarded. See *Estate of Ownsby v. City of Cincinnati,* 385 F. Supp.2d 626, #1(S.D. Ohio 2005) (servicemember was protected against default judgment and other procedural defaults by the Servicemembers Civil Relief Act). See also, *United States of America v. Simmons,* 508 F. Supp. 552 (E.D. Tenn. 1980)(default judgment denied where affidavit made no reference to whether either defendant was in the military as required by the Soldiers and Sailors Civil Relief Act).

It is clear from Plaintiffs brief that Plaintiffs had reason to suspect Defendant was in the military at the time they sought default judgment because, at the default judgment hearing, they allegedly informed the Court it was unknown whether Defendant was *still* in the military. The evidence presented indicates Defendant was, and still may be, a member of the U.S. military, stationed in North Carolina at the time of the suit. According to The Act, if it appears a defendant is in the military the Court may not enter judgment until it has appointed an attorney to represent Defendant. There is nothing before the Court suggesting such an appointment occurred. The Court finds the purposes of The Act were not satisfied by a statement, at the default judgment hearing, that Defendant's military status was unknown. The purpose of The Act is protect service men and women from defending legal actions while devoting "all their energies" to defending this nation. This Court has no evidence before it of the efforts exerted to determine Defendant's

5

military status. Certainly, the importance placed upon protecting members of our military requires counsel to make reasonable, good faith efforts to ascertain Defendant's military status. In such absence, this Court will strictly construe the requirements of the Act in Defendant's favor in deference to the purposes of The Act.

Default judgments obtained in the absence of compliance with The Act's affidavit requirement are voidable. See *Davidson v. General Finance Corp.*, 295 F.Supp. 878, 881 (D.C. Ga. 1968). Finally, Defendant's signing for the Summons and Complaint is no defense for Plaintiff's failure to comply with The Act.

The Court finds that Plaintiffs failed to comply with the requirements of 50 App. U.S.C.A. §521(b), by failing to file a writing evidencing Defendant's military service, and default judgment was improperly granted. Therefore, the Court grants Defendant's Motion for Relief from Judgment and Plaintiffs' claims against Mr. Beard are returned to the Court's active docket.

IT IS SO ORDERED.

2/7/07

Date

Christopher A. Boyko

CHRISTOPHER A. BOYKO

United States District Judge

FILED

FEB 7 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND